UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JURICH,

        Plaintiff,

                              Case No. 10-11487

v.                                Honorable David M. Lawson

MICHIGAN DEP'T OF CORRECTIONS,
CARL SWARTZWALDER, SANDRA
MONAHAN, and BRIAN EVERS,

        Defendants.
_____/

## OPINION AND ORDER VACATING ORDER REFERRING PRETRIAL MATTERS TO MAGISTRATE JUDGE, SUMMARILY DISMISSING CASE AND DENYING MOTION TO AMEND COMPLAINT

Plaintiff George Jurich, a prisoner in the custody of the Michigan Department of Corrections, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging that defendant Carl Swartzwalder unlawfully confiscated his television, and defendants Sandra Monahan and Brian Evers failed to respond properly to his complaints and grievances. All the defendants are state employees. In May of this year, the Court referred this case to Magistrate Judge Donald. A. Scheer for pretrial management, and Judge Scheer ordered service of the complaint on the defendants. Since that date, the Court has completed the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and now concludes that the complaint must be dismissed summarily because it does not state a cognizable federal claim. The essence of the plaintiff's cause of action is that he was deprived of his property by state prison officials without due process of law. However, the plaintiff has not alleged that the available post-deprivation procedures afforded by the state are inadequate to vindicate his property rights. Under established precedent, therefore, the plaintiff's due process

complaint fails. Therefore, the Court will withdraw the order of reference, dismiss the complaint, and deny the plaintiff's motion to amend the complaint.

I.

The plaintiff alleges in his complaint that defendant Swartzwalder improperly confiscated his television during a prison "mock pack up" on December 10, 2009 without affording him due process and that defendants Monahan and Evers failed to properly respond to his complaints and grievances. The plaintiff states that he exhausted this matter through the prison grievance procedure. The plaintiff seeks monetary damages and other appropriate relief.

II.

In the Prison Litigation Reform Act (PRLA), Congress mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)). In addition, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless."

*Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the prisoner's civil rights complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 81, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prisoners if they "fail[] to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v.*

*Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). The complaint plainly satisfies the second element. However, it is wanting as to the first.

The plaintiff does allege that defendant Swartzwalder intentionally and improperly confiscated his television without due process of law. However, in a civil rights action alleging the deprivation of property without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate . . . the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). No constitutional claim results from the negligent deprivation of property by a state official. *See Daniels v. Williams*, 474 U.S. 327 (1986). And the plaintiff must plead and prove the inadequacy of state processes even if the property deprivation was intentional. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory*, 721 F.2d at 1065.

"Michigan provides several adequate post-deprivation remedies, including Michigan Court Rule 3.105 that allows an action for claim and deliver, Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials." *Copeland*, 57 F.3d at 480; *see also Etheridge v. Evers*, 326 F. Supp. 2d 818, 824 (E.D. Mich. 2004). The plaintiff has not indicated that he attempted to utilize any of these legal means to recover his television or equivalent money damages, and he certainly has not suggested in his complaint or elsewhere that these procedural remedies are inadequate.

The plaintiff also alleges that defendants Monahan and Evers violated his constitutional rights by failing to respond properly to his complaints and grievances about the loss of his property. That claim is subject to dismissal as well. The plaintiff does not allege that these two defendants actually participated in the theft of his television. If they are defendant Swartzwalder's supervisors, their liability cannot arise unless they encouraged or participated in the theft itself. *See Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) (reaffirming that "even if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it" (quotation marks and citations omitted)). Imposing vicarious liability on a supervisor for the acts of his subordinate is not allowed in section 1983 actions. *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) ("Allegations of *respondeat superior* do not sustain a § 1983 claim against state employees in their individual capacities, meaning that officials are personally liable for damages under that statute 'only for their own unconstitutional behavior.'" (quoting *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Nor are the plaintiff's allegations that Monahan and Evers failed to address his complaints adequately or respond to his grievances sufficient to state a claim for relief under section 1983. A prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), but the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a such a petition. *See Smith v. Ark. State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979). In an unpublished decision, the Sixth Circuit held that a prisoner does not have a constitutional right to an effective grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)

(citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Dissatisfaction with the defendants' responses to his complaints and grievances does not itself state a claim under section 1983. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (holding that prisoner failed to state a claim based upon defendant's alleged failure to investigate grievance).

B.

On August 9, 2010, the plaintiff moved to amend his complaint to add another claim against defendant Brian Evers. However, permitting the plaintiff to amend his complaint following the screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A generally is not allowed under the PLRA. *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999). Under Sixth Circuit precedent, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (applying 28 U.S.C. §§ 1915(e)(2) and 1915A), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002), *abrogated on other grounds by Jones*, 549 U.S. 199. *Contra Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that nothing in the PLRA alters the usual rule permitting amendment of the complaint post-dismissal, including when a complaint is dismissed *sua sponte* under the PLRA's screening requirements). Therefore, the Court will not allow the amendment. The plaintiff must bring his new claim against Evers in a separate action.

III.

The Court concludes that the plaintiff has failed to state a claim in his pleadings upon which relief may be granted under 42 U.S.C. § 1983. His complaint is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Accordingly, it is **ORDERED** that the order referring all pretrial matters to the magistrate judge [dkt #4] is **VACATED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the plaintiffs' motion to amend the complaint [dkt #7] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 17, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO