UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JURICH,

        Plaintiff,

                                                       Case No. 10-11487
v.                                                  Honorable David M. Lawson

MICHIGAN DEP'T OF CORRECTIONS,
CARL SWARTZWALDER, SANDRA
MONAHAN, and BRIAN EVERS,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On April 14, 2010, plaintiff George Jurich, a prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleges that the defendants, who are state employees, violated his procedural due process rights when they confiscated and destroyed his television during a "mock pack up" procedure in the prison. The Court dismissed the plaintiff's complaint in an opinion and order entered on August 17, 2010. The Court found that the complaint did not state a cognizable federal claim because the plaintiff failed to allege that the available post-deprivation procedures afforded by state law would be inadequate to vindicate his rights. Opinion and Order Summarily Dismissing Case at 1, 4 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)).

Presently before the Court is the plaintiff's motion for reconsideration, which he filed on September 9, 2010. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich.

LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). In his motion for reconsideration, the plaintiff argues that the state must provide predeprivation remedies when it is possible to do so, *see Zinermon v. Burch*, 494 U.S. 113, 132 (1990), but that the state failed to do so in his case. He also asserts that post-deprivation remedies available in the state courts would be inadequate because he seeks punitive damages, which are unavailable under Michigan law for a claim of conversion or similar causes of action.

Although the plaintiff is correct that punitive damages would be unavailable to him on a state law cause of action, that fact does not render inadequate the state's existing post-deprivation procedures. *See Parratt v. Taylor*, 451 U.S. 527, 544 (1981). The plaintiff has alleged that the defendants' actions were intentional, malicious, and "contrary to well-settled MDOC policy and procedure." Mot. for Reconsideration at 7. As such, the line of cases concerning predeprivation remedies on which the plaintiff relies, including *Loudermill v. Cleveland Bd. of Educ.*, 488 U.S. 941 (1988), and *Zinermon v. Burch*, 494 U.S. 113 (1990), are inapplicable to the random act of intentionality about which the plaintiff complains. There was no opportunity for predeprivation procedure or remedies in this case. Therefore, the Court finds that *Hudson v. Palmer*, 468 U.S. 517 (1984), controls. The Court relied on *Hudson* to dismiss the plaintiff's complaint in its August 17, 2010 opinion and order, and the plaintiff has failed to demonstrate a palpable defect in this aspect of the Court's ruling.

The plaintiff also has failed to demonstrate an error in the Court's conclusion that the plaintiff had not alleged that state law post-deprivation remedies were inadequate. The plaintiff's argument that he would not have access to punitive damages in state court is unavailing. In *Parratt v. Taylor*, the Supreme Court held that the fact that punitive damages may be unavailable under state law "does not mean that the state remedies are not adequate to satisfy the requirements of due process." 451 U.S. at 544. In addition, the Court notes that Michigan law allows exemplary damages, which are similar to punitive damages in that they serve to compensate the plaintiff for the outrage or emotional harm suffered as the result of a defendant's intentionally wrongful conduct. *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich. 401, 419, 295 N.W.2d 50, 55 (1980). Another type of penalty damages — treble damages — also is allowed for conversion. Mich. Comp. Laws § 600.2919a.

The Court finds that the remaining arguments in the plaintiff's motion for reconsideration lack merit as well. Therefore, the Court will deny the plaintiff's motion.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt #10] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 1, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 1, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL